### JOHN M. BURNS, ET AL. *v.* J. C. EASTHAM.

[Abstract Kentucky Law Reporter, Vol. 4—899.]

**Suit to Quiet Title.**
Where one is about to have land entered under a warrant and forbears because another desires to enter it for the benefit of the former, and a patent is issued to the latter for which he paid, the former paying nothing, he can not successfully assert that the party entering holds title for him. A verbal agreement to convey land is unenforcible.

APPEAL FROM BOYD CIRCUIT COURT.

April 19, 1883.

OPINION BY JUDGE HARGIS:

The appellee brought an action to quiet his title to 11½ acres of land against the appellant, Burns, who admitted that he was setting up claim to the land to which the appellee held the legal title, but denied his right to recover, and asked that the appellee be compelled to convey the title to him on this state of fact,—that the appellant, Burns, being about to have the land entered under a warrant, the appellee informed him he wished to enter the land and have it patented to himself for the benefit of the appellant, the widow McGuire. Burns gave way, the land was entered under appellee's warrant and a patent issued to him for which he paid, neither of the appellants paying any of the consideration for the land, which was entered without any knowledge on the part of Mrs. McGuire of the alleged agreement or purpose of the appellee.

So far as Mrs. McGuire is concerned it was purely a promised

gratuity or gift which was never executed, and having paid no consideration for the land, and the appellee having violated no trust by the purchase of the land from the state with her effects, the case does not fall within either exception provided by the statute to the general law forbidding resulting trusts. Gen. Stat. 1881, ch. 63, § 19. As Burns derived his claim from her he stands in no better attitude than she, and must therefore fail in his defense. *Graves v. Graves,* 3 Metc. (Ky.) 167.

Had Burns forborne to enter the land after the issuance of his warrant and the appellee in consideration thereof agreed in writing with him to convey to himself or Mrs. McGuire, it might have been enforced, but being verbal, it can not be done. *Fishly v. Dumaresly,* 3 A. K. Marsh. (Ky.) 368. If Burns' forbearance were treated as a part of the consideration for the land, then he could not succeed, for he consented that the appellee should take the legal title to himself, which the statute declares to be destructive of the trust.

Wherefore the judgment quieting appellee's title and for damages for cutting timber from the land, is *affirmed.*

*J. M. Burns, L. T. Moore, for appellants.*

*Thos. R. Brown, for appellee.*